Adam R. Pechtel / WSBA No. 43743
Pechtel Law PLLC
21 N Cascade St
Kennewick, WA 99336
Telephone: (509) 586-3091
Email: adam@pechtellaw.com

Attorney for Plaintiff

United States District Court
Eastern District of Washington

| | |
|---|---|
| Juan Villa, a married individual,<br><br>Plaintiff;<br><br>v.<br><br>Hispanic Markets, Inc., doing business as Fiesta Foods of Sunnyside, a Washington State Corporation,<br><br>Defendant. | Case No.<br><br>Complaint for Damages and Demand for a Jury Trial |

**I. Complaint**

1.  Being the victim of unlawful disability discrimination, Juan Villa avers the following facts and asserts the following claims:

Complaint - 1

## II. Jurisdiction and Venue

2. This civil action arises under the laws of the United States, namely the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. Consequently, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Plaintiff's state law claims are so related to the claims identified in paragraph two that they form part of the same case or controversy under Article III of the United States constitution. Consequently, this court has subject matter jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

4. Defendant Hispanic Markets, Inc. (hereinafter Defendant Fiesta Foods) employed Plaintiff Juan Villa (hereinafter Plaintiff Villa) to work primarily in the Eastern District of Washington. A substantial part of the events or omissions giving rise to the claims herein described occurred in the Eastern District of Washington. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(2).

5. Plaintiff Villa is a married individual residing in Yakima County, Washington, which is located in this judicial district.

Complaint - 2

6. Defendant Fiesta Foods is a Washington State corporation, incorporated under the laws of the State of Washington and doing business in Sunnyside, Yakima County, Washington.

7. At all relevant times, Defendant Fiesta Foods employed in excess of fifteen employees and was an employer within the meaning of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., and Washington's Law Against Discrimination, RCW 49.60.

### III. Administrative Prerequisites

8. Plaintiff has complied with all administrative prerequisites required to file this lawsuit by timely filing a formal charge with the Equal Employment Opportunity Commission (hereinafter EEOC), and timely filing this Action within ninety days of the receipt of the Notice of Right to Sue issued by the EEOC.

9. A true and correct copy of the charge of discrimination filed by Plaintiff Villa with the EEOC is attached hereto as Exhibit A and is incorporated herein by reference.

10. A true and correct copy of the notice of right to sue issued to Plaintiff Villa by the EEOC is attached hereto as Exhibit B and is incorporated herein by reference.

Complaint - 3

## IV. Statement of Facts

11. Defendant Fiesta Foods is a for-profit corporation primarily doing business as a grocery store.

12. From before August 2016 until the time of Plaintiff Villa's termination, Luis Moreno was Defendant Fiesta Food's store manager.

13. All of Luis Moreno's actions described in this complaint occurred while he was acting with within the scope of his employment with Defendant Fiesta Foods.

14. From before August 2016 until the time of Plaintiff Villa's termination, Isaac Prieto was Defendant Fiesta Food's assistant store manager.

15. All of Isaac Prieto's actions described in this complaint occurred while he was acting with within the scope of his employment with Defendant Fiesta Foods.

### A. Overview of Plaintiff Villa's employment with Defendant Fiesta Foods

16. Plaintiff Villa began working for Defendant Fiesta Foods on or about April 3, 2007.

17. Plaintiff Villa's job title was baker.

Complaint - 4

18. The essential functions of Plaintiff Villa's job were (a) forming dough for bread, buns, and other bakery products, (b) rolling dough to desired thickness with rolling pins or guiding dough through rolling machine, (c) sprinkling flour on dough and a workbench to prevent dough from sticking, (d) kneading dough to eliminate gases formed by yeast, (e) cutting dough into pieces with knife or hand cutter, (f) adding spices, fruits, or seeds when making special rolls or breads, (g) weighing pieces on scales and keeping records of production, (h) placing dough in baking pans, (i) cutting dough into bun divisions by machine, and (j) forming dough into special shapes and adding fillings or flavorings.

19. Plaintiff Villa was earning $16.25 per hour at the time of his termination.

20. Plaintiff Villa was working forty or more hours per week at the time of his termination.

21. Defendant Fiesta Foods terminated Plaintiff Villa's employment on or about April 13, 2018.

### B. The events of August 26, 2016

22. On or about August 26, 2016, Plaintiff Villa pulled the lever on the tortilla machine while working for Defendant Fiesta Foods.

Complaint - 5

23. This caused Plaintiff Villa to experience pain in his lower left back and left hip.

24. Plaintiff Villa was diagnosed with a lumbar sprain/strain and a sacroiliac sprain/strain.

25. Plaintiff Villa reported the workplace injury to the Department of Labor and Industries on or about August 26, 2016.

26. The Department of Labor and Industries allowed Plaintiff Villa's claim for lumbar strain/sprain and sacroiliac sprain/strain, and then closed the claim in April 2017.

27. These conditions substantially limited Plaintiff Villa's ability to lift and bend.

28. These conditions were also physiological conditions that affected Plaintiff Villa's musculoskeletal body system.

29. Although Plaintiff Villa's claim was closed, he continued to experience intermittent pain in his back and hip.

30. This intermittent pain affected Plaintiff Villa's ability to perform his job.

31. As a result of his pain, Plaintiff Villa occasionally asked coworkers for assistance in performing his job.

32. Luis Moreno and Isaac Prieto were aware of Plaintiff Villa's August 26, 2016 injuries on that date or shortly thereafter.

33. Luis Moreno and Isaac Prieto were aware Plaintiff Villa continued to experience back and hip pain after April 2017.

34. Luis Moreno and Isaac Prieto were aware of Plaintiff Villa's physical limitations resulting from the August 26, 2016 injuries on that date or shortly thereafter.

35. Luis Moreno and Isaac Prieto were aware Plaintiff Villa filed a claim for worker's compensation as a result of the August 26, 2016 injuries on that date or shortly thereafter.

36. Luis Moreno and Isaac Prieto were aware Plaintiff Villa's worker's compensation claim was closed in April 2017.

### C.    The events of March 14, 2018

37. On about March 14, 2018, Plaintiff Villa was using the dough ball maker in the bakery at Defendant Fiesta Food's store.

38. He noticed that he could not roll out the bread with his right hand because he could not lay the last two fingers of his right hand flat on the table.

39. Plaintiff Villa informed Defendant Fiesta Foods of the symptoms.

Complaint - 7

40. He specifically told Sophia Rangel, Defendant Fiesta Foods front-end manager, who wrote a report.

41. On May 18, 2018, Plaintiff Villa met with Dr. William Spann.

42. Plaintiff Villa told Dr. Spann about the March 2018 incident with his right hand.

43. Dr. Spann diagnosed Plaintiff Villa with Dupuytren syndrome and joint arthritis.

44. Plaintiff Villa reported the occupational disease to the Department of Labor and Industries on or about May 18, 2018.

45. On about August 22, 2018, the Department of Labor and Industries allowed Plaintiff Villa's claim for Dupuytren's disease and palmar fascial hyperplasia of the right palm, ring and small fingers.

46. These conditions substantially limited Plaintiff Villa's ability to perform manual tasks involving his right hand, including grasping.

47. These conditions were also physiological conditions that affected Plaintiff Villa's musculoskeletal body system.

48. Luis Moreno and Isaac Prieto were aware of Plaintiff Villa's right-hand symptoms.

Complaint - 8

### D. The events of March 23, 2018

49. On or about March 23, 2018, Plaintiff Villa was working in the bakery department.

50. Plaintiff Villa retrieved the batter mix from the mixer.

51. As he stood up, he felt a sharp pain on his lower back.

52. He asked Patty (last name unknown "LNU"), a co-worker in the bakery department, to help him get the batter mix because his back was hurting.

53. Patty (LNU) told Isaac Prieto that Plaintiff Villa was hurt.

54. Isaac Prieto came to the bakery department.

55. Plaintiff Villa told Isaac Prieto that his back was hurting.

56. Isaac Prieto took Plaintiff Villa to the office and wrote a report.

57. In the office, Plaintiff Villa told Isaac Prieto that his back had been hurting from lifting many heavy things in the workplace and that his hand was also in pain.

58. Plaintiff Villa returned to work.

59. Plaintiff Villa took pain medication during his meal break between about 10:00 AM and 11:00 AM.

60. Jose (LNU), a cashier employed by Defendant Fiesta Foods, told Plaintiff Villa that Isaac Prieto wanted Plaintiff Villa to provide a urine sample for analysis.

61. Jose (LNU) gave Plaintiff Villa a cup.

62. Jose (LNU) did not have Plaintiff complete any paperwork.

63. Plaintiff Villa provided a urine sample in the cup.

64. Plaintiff Villa had consumed no alcohol on March 23, 2018 prior to providing the urine sample.

65. Plaintiff Villa returned the cup with the sample to Jose (LNU).

66. Plaintiff Villa did not see Jose (LNU) seal the sample cup.

67. The urine sample was received by Cordant Health Solutions on about March 29, 2018.

68. On about March 31, 2018, Cordant Health Solutions reported to Defendant Fiesta Foods that Plaintiff Villa's urine sample contained an ethanol concentration of 579 mg/dL.

69. This ethanol concentration is equivalent to a BAC of 0.579, more than nine times the legal limit to drive in Washington State.

70. On information and belief, this ethanol concentration is lethal.

Complaint - 10

71. On information and belief, Defendant Fiesta Foods' agents manipulated Plaintiff Villa's urine sample in order to obtain a pretextual reason to terminate Plaintiff Villa's employment.

### E. The events of April 13, 2018

72. On or about April 13, 2018, Plaintiff Villa worked a shift scheduled for 4:00 AM to 1:00 PM.

73. Near the end of his shift, Plaintiff Villa was called into the office over the intercom.

74. Plaintiff Villa went to the office.

75. Luis Moreno and Isaac Prieto were present in the office.

76. Luis Moreno told Plaintiff Villa he could not work at Defendant Fiesta Foods anymore because he had been drinking alcohol on March 23, 2018.

77. Plaintiff Villa exited the store.

78. Plaintiff Villa and his wife drove away from the store.

79. Plaintiff Villa's daughter told Plaintiff Villa by phone to return to the store and get a copy of the urinalysis report.

80. Plaintiff Villa and his wife drove back to the store.

81. Plaintiff Villa went inside the store.

82. Plaintiff Villa's wife stayed in the vehicle.

Complaint - 11

83. Plaintiff Villa went to the office.

84. Luis Moreno was in the office when Plaintiff Villa returned.

85. Isaac Prieto was not in the office when Plaintiff Villa returned.

86. Plaintiff Villa asked Luis Moreno for a copy of the urinalysis report.

87. Luis Moreno handed Plaintiff Villa a copy of the urinalysis report.

88. Plaintiff Villa left the store.

**F.  The Pablo Peralta incident**

89. On information and belief, Pablo Peralta worked for Defendant Fiesta Foods from about January 19, 2016 to about November 16, 2017 as a cook.

90. On information and belief, on about October 24, 2017, Mr. Peralta stepped on a piece of meat that had fallen on the ground.

91. On information and belief, he fell backwards and injured his right shoulder.

92. On information and belief, Defendant Fiesta Foods required Mr. Peralta to submit a urine sample on the day of the injury.

93. On information and belief, on about November 18, 2018, Luis Moreno terminated Mr. Peralta's employment because the

Complaint - 12

urinalysis test reported Mr. Peralta had an ethanol concentration equivalent to a BAC of 0.09.

94. On information and belief, Defendant Fiesta Food's agents manipulated Mr. Peralta's urine sample in order to obtain a pretextual reason to terminate his employment.

95. On information and belief, on about January 20, 2018, Defendant Fiesta Foods made an unconditional offer of reemployment to Mr. Peralta.

96. On information and belief, Mr. Peralta declined the unconditional offer of reemployment on about January 24, 2018.

**V. Claims for Relief**

    **A.**    **Disparate Treatment—Disability Discrimination—Termination—42 U.S.C. § 12112(a)**

97. Plaintiff Villa's intermittent back and hip pain was a disability.

98. Plaintiff Villa's right-hand symptoms were a disability.

99. Plaintiff Villa could perform the essential functions of his baker job with or without a reasonable accommodation.

100. Defendant Fiesta Foods terminated Plaintiff Villa's employment because of one or both of his disabilities.

Complaint - 13

101. Defendant Fiesta Foods' unlawful termination was the proximate cause of Plaintiff Villa injuries, including lost wages and benefits, emotional harm, and other harms.

102. Defendant Fiesta Food's actions described herein were made with malice or reckless indifference.

### B. Interference with Exercise of Rights Under the ADA—Termination—42 U.S.C. § 12203(b)

103. Plaintiff Villa engaged in the exercise of his rights under the Americans with Disabilities Act.

104. Plaintiff Villa's employment was terminated after his exercise of his rights under the Americans with Disabilities Act.

105. Defendant Fiesta Foods terminated Plaintiff Villa's employment because of his exercise of his rights under the Americans with Disabilities Act.

106. Defendant Fiesta Foods' unlawful termination was the proximate cause of Plaintiff Villa injuries, including lost wages and benefits, emotional harm, and other harms.

107. Defendant Fiesta Food's actions described herein were made with malice or reckless indifference.

### C. Disparate Treatment—Disability Discrimination—Termination—RCW 49.60.180(2)

108. Plaintiff Villa's intermittent back and hip pain was a disability.

109. Plaintiff Villa's right-hand symptoms were a disability.

110. Plaintiff was able to perform the essential functions of his baker job with or without reasonable accommodation.

111. One or both of Plaintiff's disabilities were a substantial factor in Defendant Fiesta Foods' decision to terminate Plaintiff Villa's employment.

112. Defendant Fiesta Foods' unlawful termination was the proximate cause of Plaintiff Villa injuries, including lost wages and benefits, emotional harm, and other harms.

### D. Retaliation for Opposing Forbidden Practices—Termination—RCW 49.60.210(1)

113. Plaintiff Villa engaged in the exercise of his rights under the Washington Law Against Discrimination by requesting a reasonable accommodation.

114. Plaintiff Villa's exercise of his rights under the Washington Law Against Discrimination was a substantial factor in Defendant Fiesta Foods' decision to terminate Plaintiff Villa's employment.

Complaint - 15

115. Defendant Fiesta Foods' unlawful termination was the proximate cause of Plaintiff Villa injuries, including lost wages and benefits, emotional harm, and other harms.

### E. Wrongful Discharge in Violation of Public Policy

116. Defendant Fiesta Foods terminated Plaintiff Villa employment.

117. A substantial factor motivating Defendant Fiesta Foods' decision to terminate Plaintiff Villa was his exercise of a legal right or duty, to wit: filing and pursuing a workers' compensation claim and information his employer of injuries sustained while working.

118. Defendant Fiesta Foods' unlawful termination was the proximate cause of Plaintiff Villa injuries, including lost wages and benefits, emotional harm, and other harms.

### VI. Prayer for Relief

Wherefore, the Plaintiff request that the Court award him:

119. Monetary damages for lost wages and benefits from the date of termination to the date of trial (viz. back pay);

120. Monetary damages for lost wages and benefits from the date of trial forward for a reasonable period of time (viz. front pay);

121. Monetary damages for the emotional harm, emotional pain, emotional distress, pain and suffering, inconvenience, humiliation,

Complaint - 16

mental anguish, loss of enjoyment of life, personal indignity, embarrassment, fear, anxiety, anguish, and other nonpecuniary harms the Plaintiff experienced and with reasonable probability will experience in the future;

122. Punitive damages as provided for by the Americans with Disabilities Act;

123. Pre-judgment and post-judgement interest as provided by law;

124. Monetary damages to offset the adverse tax consequences of a lump sum payment of back and front wages and benefits in a single year;

125. Litigation costs and reasonable attorneys' fees incurred with this lawsuit as provided by law;

126. Other damages and further relief as the Court may deem just and proper.

## VII. Jury Demand

The Plaintiff requests trial by a six-member jury.

Respectfully submitted this 5th day of December 2018.

*/s/ Adam R Pechtel*
Adam R. Pechtel/ WSBA No .43743
Attorney for Plaintiff
Pechtel Law PLLC
21 N Cascade St
Kennewick, WA 99336
Telephone: (509) 586-3091
Email: adam@pechtellaw.com

Complaint - 18

## Verification

I, Juan Villa, declare as follows:

1. I am the Plaintiff in the above-entitled action.

2. I have personal knowledge of the above-referenced activities as they relate to my former employment at Defendant Fiesta Foods including the facts and legal allegations presented in the foregoing Complaint. If called upon to testify I would competently testify as to the matters stated herein.

3. I verify under penalty of perjury under the laws of the state of Washington that the foregoing factual statements in this Complaint are true and correct.

Executed on this 5 day of December 2018.

By: *Juan Villa*
Juan Villa

Complaint - 19

## Certificate of Translation

I hereby certify that I have read and translated the entire foregoing document to the Plaintiff in a language with which the Plaintiff is conversant. If questions have arisen, I have notified Plaintiff's counsel of the questions and have not offered nor given any legal advice nor personal opinions.

Executed on this 5th day of December 2018.

By: *Cristina Pérez López* (e-signature)

Interpreter: Cristina Pérez López, Spanish Court interpreter certified by the US District Courts and the State of Washington.